UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

Plaintiff,

v.

Case No. 24-cr-20026

HON. SEAN COX

WILLIE B HOPKINS,

Defendant.

---

## Defendant's Motion to Revoke the Detention Order

Defendant moves this Honorable Court, under18 U.S.C. § 3145(b) and 18 U.S.C. § 3142(f), to revoke the Order of Detention (ECF No. 22) and release Defendant with conditions that will reasonably assure his appearance and the safety of the community.

Counsel for Defendant contacted the Government for concurrence for the relief sought in this motion on August 8, 2024. Government considered such request and subsequently advised counsel that the Government would not concur.

Respectfully submitted,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg.

One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated: ___7/9/2024___

## Brief in Support of
## Defendant's Motion to Revoke the Detention Order

### Facts

Defendant Willie B Hopkins is charged with the following counts:

Count 1, Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a);

Count 2, Using a firearm During and In Relation t a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii);

Count 3, Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a);

Count 4, Using a firearm During and In Relation t a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii);

Count 5,  Interference with Commerce by Robbery, in violation 18 U.S.C. § 1951(a);

Count 6, Using a firearm During and In Relation t a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(ii);

Mr. Hopkins had a detention hearing on January 31, 2024, before Magistrate Judge David R. Grand, who found "[b]y clear and convincing evidence that no condition or combination of conditions of release will

Page 2 of 13

reasonably assure the safety of any other person and the community." (Det. Order, ECF No. 22, PageID.59).

Mr. Hopkins' prior criminal record consists of a serious felony conviction when he was a teenager over 30 years ago. When he was released from prison a tether was placed on him giving him a curfew and when he was consistently late returning home from work due to erratic transportation, he was charged with tampering with a tether in Genesee County.

Hopkins is a 58-year-old man. Prior to his being incarcerated for over 30 years with the Michigan Department of Corrections, Mr. Hopkins lived in Michigan all his life, and his family lives in this state. Since being released from prison, and moving back to the Ypsilanti area, he has consistently worked in a variety of positions, including transporting individuals to medical appointments, painting, landscaping and factory work. Before leaving a job if it was not the right fit, he would always have another job lined up.

Within a couple years after his release from prison, he met a woman who he felt that he wanted to spend the rest of his life with. They married, but after being in prison for over 30 years, he did not realize that marrying a woman with three children involved a degree of emotional maturity that he was not prepared for. Three decades of prison left him unable to handle all

the responsibilities of a marriage. He thought if he worked hard and contributed financially to the household, that would be sufficient. It was not until he was into the situation that he realized he took on more than he could handle. After their divorce, Mr. Hopkins still hopes that one day he and his former wife can be friends again.

At the time of his arrest, Mr. Hopkins was working. He was not wealthy, but he was not lacking for money. He denies the allegations in the Indictment that charge him with multiple armed robberies. He believes there are conditions that can be set and imposed by this court that can assure his appearance and can assure the protection of society.

## Argument

"18 U.S.C. § 3145(b) provides for review of a magistrate judges detention order."*United States v. Yu Zhou*, Case No. 2:19-CR-163(1), 2020 U.S. Dist. LEXIS 57981, p. 7 (S.D. Ohio Apr. 2, 2020). When a magistrate judge orders a defendant detained pending trial under § 3142(e), the defendant may then file a motion with the district court for revocation or amendment of the detention order. 18 U.S.C. § 3145(b). Most circuits, as well as most district courts within this Circuit, hold that the district court reviews a magistrate judge's detention order *de novo. United States v.*

*Yamini*, 91 F. Supp. 2d 1125, 1127-29 (S.D. Ohio 2000). 18 U.S.C. §

3142(e)(3) provides for a rebuttable presumption that no bond condition or

combination of conditions will reasonably assure the defendant's appearance

or the safety of the community if there is probable cause to believe that the

defendant committed an offense for which the maximum term of

imprisonment of 10 years or more is prescribed in the Controlled Substances

Act, 21 U.S.C. 801 *et sec* or that a defendant is charged with a 924(c) where

there underlying felony is a dangerous felony. While "a grand jury

indictment, by itself, establishes probable cause to believe that a defendant

committed the crime with which he is charged." *U.S. v. Stone*, 608 F.3d 939,

945 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th

Cir.1985)), the rebuttable presumption only imposes a "burden of

production" on the defendant. *Id.* This burden "is not heavy" and simply

requires that the defendant introduce "at least some evidence" to rebut the

presumption. *Id.* "Even when a defendant satisfies his burden of production,

however, 'the presumption favoring detention does not disappear entirely,

but remains a factor to be considered among those weighed by the district

court.'" *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir.

2001)). *United States v Toombs*, ___F Supp 3d___; 2024 U.S. Dist. LEXIS

23203, at *4-5 (SD Ohio, Feb. 9, 2024)

This Court may reopen a hearing if it: (1) finds that information exists that was not known to the defendant at the time of the original hearing; and (2) the information "has a material bearing on the issue whether there are conditions of release that will reasonably assure" the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(f).

Since the initial detention hearing Defendant's counsel for Defendant has obtained information that was not available to the Court or the Defendant. Specifically, Tanika Malone has come forward and indicated in a letter that Mr. Hopkins was a good friend of hers and knows him to trustworthy, honest and respectful. She indicates that as long as he needed it, he would have a place to stay with her if he were granted pre-trial release. (See Exhibit A, attached hereto, letter from Ms. Malone.) She has known him for 10 years and knows him to be respectful to her.

In addition, Julius Chapman has written a letter indicating that he is the owner/operator of "Missin Piece Painter Company" based in Warren, Michigan. He too has known Mr. Hopkins for over 10 years when they worked together. His company provides painting and renovation services for vacant properties to bring them up to code and get them ready for occupancy. He knows Mr. Hopkins to be reliable, trustworthy and credible, all the characteristics he requires of his crew. He states that "I am looking

forward to having Willie join our staff" and that employment with his

company would provide Mr. Hopkins with a good opportunity. (See Exhibit

B, attached hereto, letter from Mr. Chapman)

The Magistrate found that detention was warranted because:

> Hopkins has been indicted on charges related to three separate armed
> robberies in which a firearm was brandished to threaten store clerks.
> In addition to descriptions that generally match Hopkins, he was
> linked to the robberies by the following evidence: his tattoos match
> those of the robber from surveillance footage, he was arrested in the
> make/model car the robber had fled in, GPS pings placed him in the
> vicinity of the robberies; and the robber of one store left a glove
> which contained DNA evidence that was a "match" for Hopkins. The
> evidence of Hopkins' dangerousness and his history and
> characteristics show he is an extreme danger to the community. He
> has multiple adult convictions for violent assaults against women (one
> for sexual assault), and ultimately spent about three decades in prison
> as a result. Hopkins accumulated more than 60 "major misconducts"
> while in custody. Hopkins' mental health is a significant concern, too,
> as he has a history of suicidal thoughts (most recently a few months
> ago) and attempts of suicide.

(Det. Order, ECF No. 22, PageID.60).

However, the evidence in this case is not as strong as represented. The

charges are serious as a weapon was brandished in each of the robberies, yet

there is no weapon in evidence linked to Mr. Hopkins. While there was

reference that DNA on a glove found near the scene, the DNA test results

have not been produced. GPS pings as pointed out at best put Mr. Hopkins

in the "vicinity" of robberies, not in the store. There is a plenty of room for

error in that type of evidence. The Magistrate relies heavily on Mr. Hopkins

prior conviction and misconducts while in prison. Mr. Hopkins cannot deny

that reality but would point out that he was 18 years old when he was

convicted of that crime and spent three decades in prison. He was immature

and angry. As a teenager and even pre-teen he was on his own having

suffered severe abuse including sexual abuse in his household. He had to

escape his "home" when he was in his mid-teens and fend for himself. That

is no defense to committing a violent crime, but he was confused and

reckless 35 years ago. He rebelled in prison. That is not the person who was

released from prison and that is not the person who Mr. Hopkins is today.

While it is true that being arrested has caused him to be depressed, Mr.

Hopkins is obtaining therapy and would continue the same if released.

There are conditions or a combination of conditions that can be set

that would assure his appearance and assure the protection of society. For

instance, this Court may order the following conditions of release to

reasonably assure the appearance of Hopkins and the safety of any person or

the community:

> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person--
>
>> (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release

condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(ii) maintain employment, or, if unemployed, actively seek employment;

(iii) maintain or commence an educational program;

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property

along with information regarding existing encumbrances as the judicial office may require;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

[18 U.S.C. § 3156(c)(1)(1)(B)(i)–(xiv).]

Hopkins's good friend, Tanika Malone, will agree to keep Hopkins in her custody, and she would assume his supervision and report any violation of a release condition to the Court. Hopkins does not have any weapons to possess and would not obtain any upon release. He is also willing to participate in any substance abuse treatment program and mental health treatment. And he would abide by any curfew ,employment, or house arrest conditions.

In determining whether there are conditions of release that will reasonably assure the appearance of Hopkins and the safety of any other

person and the community, a Court shall take into account the available

information concerning

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.  [18 U.S.C.§3142(g).]

Mr. Hopkins acknowledges that his charges are for serious offenses

that establish a presumption against release, but his prior conviction record

is very old and occurred while was a teenager. The Supreme Court has recognized that the teenage brain has not fully developed, particularly the frontal lobe where executive decisions are made. *Miller v. Alabama*, 567 U.S. 460 (2012). Justice Kagan writing for the majority noted that the teenage brain has certain hallmark features including immaturity, impetuosity, and the failure to appreciate risks and consequences.

Hopkins is not and will not be a threat to any person or the community, especially while in the custody and supervision of his friend Tanika Malone. She as well as Mr. Chapman have vouched for his character and good conduct.

Despite his record, Hopkins has a very supportive community (Exhibit A and B)

The people that know him best describe Mr. Hopkins as a kind and generous man who is reliable and dependable. The allegations against him are serious but he has rebutted the presumption of detention. There are conditions that can be set that would allow for pretrial release while at the same time protecting the community and assuring his appearance in court.

## RELIEF REQUESTED

WHEREFORE, Defendant Willie B Hopkins moves this Honorable

Court to vacate the order of detention and allow his release with a bond

and conditions.

Respectfully submitted,

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)
Attorney for Defendant
The David Whitney Bldg.
One Park Avenue, Suite 1207
Detroit, MI 48226
(313) 963-4311
mmag100@aol.com

Dated: ____7/9/2024____

## Certificate of Service

I certify that on ____7/9/2024____, the above Motion was electronically

filed with the Clerk of the Court using the CM/ECF system, which served

the document(s) to the parties of record.

/s/ *Mark H. Magidson*
MARK H. MAGIDSON (P25581)

# EXHIBIT A

Your Honor,

My name is Tanika Malone. I am writing this letter in full support of my dear friend Mr. Willie Hopkins.

Mr. Hopkins and I have been close friends for nearly 10 years. In the time I've known Mr. Hopkins, despite his personal challenges, he has always been respectful and honest.

Mr. Hopkins has always been a trustworthy and valuable person within our social network. Mr. Hopkins is a well-mannered gentleman who has positioned himself as a positive pillar in our community by providing support and care to others where needed.

Your Honor, I believe so strongly in Mr. Hopkins, that I am happy and eager to have him reside in my home if you grant his release as he works to resolve this legal matter before your court.

Thank you for considering my input.

Sincerely,

Tanika Malone
9402 MacArthur Blvd.
Ypsilanti, MI 48198
(269) 257-3733

# EXHIBIT B

Your Honor,

My name is Juluis Chatman. I am the owner and operator of Missin Piece Painter Company. The business is based in Warren, MI. We provide painting and renovation services on vacant properties to help bring them to code for occupancy. We generally operate Monday thru Friday. Depending on the job site, our work days may possibly run longer than eight hours.

Willie Hopkins has guaranteed employment at Missin Piece. It will be my pleasure to employ Willie. I first met him more than 10 tears ago when we worked together. I believe Willie to be reliable, trustworthy, and credible, all of which are personal characteristics I require of my crew members.

Your Honor, I am looking forward to having Willie join our staff. I believe his employment with us will provide him personal and professional growth so he may continue to be a positive influence in his community.

Please feel free to contact me if you'd like me to expound further on Willie's future employment.

Warmest regards,

Julius Chatman
11470 10 Mile Road
Warren, MI 48089
(313) 925-5014
missinpiecejc@gmail.com