UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Case No. 24-20026

WILLIE B. HOPKINS,                 Sean F. Cox
                                                   United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S
## MOTION FOR REVOCATION OF DETENTION ORDER

In this criminal case, Defendant Willie B. Hopkins ("Hopkins") is charged in a multiple count indictment alleging that he committed several armed robberies of various businesses in the Eastern District of Michigan that affected interstate commerce in violation of the Hobbs Act. Given these charges, this is a "presumption case." Pretrial Services recommended detention and, after holding a detention hearing, Magistrate Judge David Grand ordered Defendant Hopkins detained pending trial. Hopkins is now appealing Magistrate Judge Grands's order of detention pending trial and seeks release on bond. The Government opposes the motion. This Court held a hearing on September 3, 2024. For the reasons set forth below, the Court DENIES the motion.

## BACKGROUND

Hopkins is charged in a six-count Indictment with: 1) three counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a); and 2) three counts of Using a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The charges stem from three different armed robberies that occurred at a grocery store and two gas stations in this district.

Pretrial Services recommended that Defendant be detained pending trial, concluding that that Hopkins is both a flight risk and a danger to the community.

After holding a detention hearing, Magistrate Judge David Grand issued an Order of Detention Pending Trial (ECF No. 22), finding that there are no conditions or combination of conditions that would ensure the safety of the community.  He noted that the reasons for detention include: the weight of evidence against the defendant is strong; Defendant is subject to a lengthy period of incarceration if convicted; Defendant's prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence or use of weapons; and his prior violations of probation, parole, or supervised release. The Order of Detention also includes the following narrative explanation for his ruling:

> Hopkins has been indicted on charges related to three separate armed robberies in which a firearm was brandished to threaten store clerks. In addition to descriptions that generally match Hopkins, he was linked to the robberies by the following evidence: his tattoos match those of the robber from surveillance footage, he was arrested in the make/model car the robber had fled in, GPS pings placed him in the vicinity of the robberies; and the robber of one store left a glove which contained DNA evidence that was a "match" for Hopkins. The evidence of Hopkins' dangerousness and his history and characteristics show he is an extreme danger to the community. He has multiple adult convictions for violent assaults against women (one for sexual assault), and ultimately spent about three decades in prison as a result. Hopkins accumulated more than 60 "major misconducts" while in custody. Hopkins' mental health is a significant concern, too, as he has a history of suicidal thoughts (most recently a few months ago) and attempts of suicide.

(*Id*. at 3).

On August 9, 2024, Hopkins filed a "Motion to Revoke the Detention Order."  (ECF No. 32).  In it, Hopkins asks to be released on bond conditions with appropriate conditions.  Hopkins contends that new information has come to light, that supports his being released on bond. Hopkins states that a longtime friend of his has come forward and is willing to have him stay with her while on bond, as third-party custodian.  He also claims that another friend has offered

him employment in his painting and renovation business.

The Government opposes Defendant's motion, persuasively arguing that Defendant is a real danger to the community. The Government's brief discusses the evidence of the events surrounding the charges in this case, as well as Defendant's criminal history and other circumstances.

## ANALYSIS

Under 18 U.S.C. § 3145(b), a defendant who has been ordered detained by a magistrate judge may move to revoke the detention order. The Court reviews a defendant's appeal of an order of detention *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance and the safety of the community, the Court considers the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

The nature and circumstances of the charged offenses in this case – *three armed robberies of retail stores during which a firearm was pointed at employees of the stores* – weigh

strongly in favor of detention.

Defendant's history and characteristics also weigh in favor of detention. Defendant has a lengthy, and violent, criminal history. Defendant has spent most of his life in prison, where he incurred 67 major misconduct allegations. He does not have a good record of abiding with legal supervision and he has mental health issues.

The weight of the evidence of Defendant's dangerousness is substantial. *Stone,* 608 F.3d at 948 ("This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt.") Defendant's criminal conduct shows no signs of abating.

Finally, Defendant's release would pose a serious danger to the community. The very serious nature of the instant offenses, Defendant's prior arrests and convictions, and engaging in criminal activity while under supervision, all weigh in favor of pretrial detention. Defendant has also shown little regard for the authority of the Court or for law enforcement, giving the Court little reason to believe that his dangerous behavior would suddenly cease if released on bond.

Weighing all of these factors, this Court concludes that the Government has established by clear and convincing evidence that there is no condition or combination of conditions that will ensure the safety of the community and deny this motion.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's motion is DENIED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 3, 2024