UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,                   Case No. 24-cr-20026

           v.                         Hon. David M. Lawson

WILLIE B. HOPKINS,

           Defendant.

_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND BRIEF IN SUPPORT**
**[ECF No. 65]**

For the reasons stated in this response and brief, the Court should deny Defendant Hopkins' motion to dismiss counts 1-2, 7-8, and 9-10 of the First Superseding Indictment.

## I.    Introduction and Factual Background

From approximately July 11, 2023, through August 8, 2023, defendant Willie Hopkins carried out at least 11 robberies against businesses primarily in the Washtenaw County, Michigan area. Following his arrest in a vehicle linked to some of the robberies, investigators identified physical characteristics, clothing, and other

1

items that matched Hopkins to the suspect in those robberies. Searches of Hopkins' vehicle, residence, cellular phone, and Google account all yielded evidence further tying Hopkins to the robberies: particularly powerful was cellular location evidence placing Hopkins in proximity to nearly all of the robberies and Hopkins DNA that was matched to a glove that Hopkins dropped during a robbery.[1]

After determining that the strength of the evidence against Hopkins would compel a swift resolution, one that would potentially allow the parties to negotiate restitution and victim involvement globally, the Government obtained an indictment charging Hopkins with only three of the robberies and accompanying firearm offenses—holding the remaining charges in abeyance. Indictment, ECF No. 16, PageID.43-46. However, plea negotiations in the case broke down and Hopkins indicated that he would not only go to trial, but he would also attempt to preclude admission of any uncharged conduct the Government would seek to admit to prove the charged offenses. *See, generally,* Joint Motion to Adjourn Trial, ECF No. 52, PageID.373.

---

[1] A more complete statement of the case is detailed in the Government's Notice of Intent to Admit Other Acts Evidence Under FRE 404(b), ECF No. 54, PageID.379-99.

The Government was then forced to reassess the case in light of the presentation of needed proofs at trial, applicable sentencing guidelines, the impact on the rights of individual victims, and the restitution interests of the businesses included in the uncharged acts. Following Hopkins rejection of a plea agreement under the original Indictment, a grand jury returned the First Superseding Indictment against Hopkins, charging three additional robberies and accompanying firearm offenses. First Superseding Indictment, ECF No. 55, PageID.411-17. But even after the Government obtained the superseding indictment, it re-extended an opportunity for Hopkins to accept the plea agreement previously offered under the original indictment. Hopkins again turned down the Government's offer to resolve the case and chose to proceed to trial.[2]

Hopkins then filed a motion to preclude the Government's proffered other-acts evidence and a motion to dismiss the counts added in the First Superseding Indictment arguing that they were the result of vindictive

---

[2] Correspondence evidencing communications between Government and Defense Counsel is available to establish this point should Hopkins contest it.

prosecution. ECF Nos. 64 & 65. For the reasons explained in this response and brief, the Court should deny Hopkins' motion to dismiss.

## II.     Issue presented

Hopkins claims that the Government acted vindictively by adding charges with increased penalties when plea negotiations broke down and he elected to proceed to trial. The Supreme Court in *Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978), has held that it is not vindictive to add charges with increased penalties when plea negotiations break down and a defendant elects to go to trial. In relying on claims explicitly rejected as vindictive by the Supreme Court, does Hopkins establish a presumption of vindictiveness that would require the Government to provide justification for the superseding indictment in this case?

## III.   Legal Foundation

### a. Standards   for   assessing   a   claim   of   prosecutorial vindictiveness

Prosecutors are prohibited from retaliating against a defendant because that defendant exercised a statutory or constitutional right. *United States v. Moon*, 513 F.3d 527, 535 (6th Cir. 2008). However, in the context of additional charges "[t]he Due Process Clause is not offended by

4

all possibilities of increased punishment ... but only by those that pose a realistic likelihood of 'vindictiveness'" in the prosecutor's action. *Blackledge v. Perry*, 417 U.S. 21, 27 (1974) (finding vindictive prosecution and due process violation in post-trial prosecutorial activity); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 362 (1978)(distinguishing pre-trial from post-trial prosecutorial activity and finding no due process violation for pretrial addition of charges with severely increased penalties); *United States v. Andrews*, 633 F.2d 449, 453-54 (6th Cir. 1980) (en banc).

There are two approaches to showing prosecutorial vindictiveness: (1) A defendant may show "actual vindictiveness," by producing "objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights," or (2) a defendant may prove that there existed a "realistic likelihood of vindictiveness," such that the court may presume an improper vindictive motive. *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003)).

"Attempting to show actual vindictiveness has been characterized as 'exceedingly difficult' and an 'onerous burden.'" *Dupree*, 323 F.3d at 489 (quoting *Bragan v. Poindexter*, 249 F.3d 476, 481, 483 (6th Cir. 2001).

On the other hand, to establish a presumption of vindictiveness, "a defendant must demonstrate: '(1) the exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right.' " *United States v. Goff*, 400 F. App'x 1, 23 (6th Cir. 2010) (alterations omitted) (quoting *United States v. Suarez*, 263 F.3d 468, 479) (6th Cir. 2001)). The Sixth Circuit emphasized that to establish a presumption of vindictiveness "the mere appearance of vindictiveness is not enough ... [t]he factual situation must pose a realistic likelihood of vindictiveness." *United States v. Andrews*, 633 F.2d 449, 455 (6th Cir. 1980).

### b. Pretrial vs. post-trial claims of vindictiveness

Several cases make a distinction between claims of pre-trial and post-trial vindictiveness. *See United States v. Munda*, 993 F.2d 1548 (6th Cir. 1993). The most pointed is *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), where the Supreme Court rejected the defendant's argument that vindictiveness could be presumed in the pre-trial context when the prosecutor threatened to file more serious charges, including a mandatory life sentence, if the defendant did not enter a guilty plea. The

6

Court distinguished enhanced charges in the plea-negotiation context where the parties "possess relatively equal bargaining power" from unilateral prosecutorial actions after a defendant has successfully moved to suppress or appealed his conviction. *See Id*.

### c. Actual Vindictiveness

Merely bringing additional, even more severe, charges after plea negotiations fail is not evidence of vindictiveness. *See United States v. Gravley*, 587 F. App'x. 899, 918–19 (6th Cir. 2014) (stating that "so long as the Government engages a defendant in 'the give-and-take' compromise through which he can negotiate a benefit, it does not violate the defendant's constitutional rights" by bringing additional charges after plea negotiations fail). Courts have repeatedly held that the Government is permitted to supersede an indictment with harsher charges after failed plea negotiations. See, e.g., *United States v. LaDeau*, 734 F.3d 561, 569 (6th Cir. 2013) (alteration added) (citing *Bordenkircher*, supra, at 363-65) ("[T]he Supreme Court long ago adopted the position that the prosecution may legitimately threaten to bring harsher charges in order to induce a defendant into pleading guilty, despite the fact that the harsher charges, if brought, might appear to

penalize a defendant for exercising his right to trial.") *See also United States v. DeJohn*, 368 F.3d 533, 545 (6th Cir. 2004) (citing cases); *United States v. Hall*, 829 F. App'x 699, 710 (6th Cir. 2020); *United States v. Young*, 847 F.3d 328, 361 (6th Cir. 2017); *United States v. O'Lear*, 90 F.4th 519, 531–32 (6th Cir.), cert. denied, 144 S. Ct. 2542, 219 L. Ed. 2d 1212 (2024).

Further, the Sixth Circuit has "indicated that the prosecution's stake in seeking to avoid trial is implicit in the plea-bargaining process, and therefore, cannot be vindictive under *Bordenkircher.*" *See, e.g., United States v. Booher*, 528 F. Supp. 3d 840, 846-47 (E.D. Tenn. 2021) (citing *United States v. Suarez*, 263 F.3d 468, 480 (6th Cir. 2001), *cert. den.* 535 U.S. 991 (2002)). Therefore, merely pointing to the addition of harsher charges as a result of the defendant electing to proceed to trial is not evidence of actual or presumptive vindictiveness.

### d. Presumptive Vindictiveness

The Sixth Circuit has established a four-prong test for determining whether a defendant has established a reasonable likelihood of vindictiveness: (1) defendant's exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) the unreasonableness

of the prosecutor's conduct; and (4) the intent to punish the defendant for exercise of the protected right. *See United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001).

"Presumably, if the first three elements are present, this may help establish grounds to believe the fourth is present, that there is the required 'realistic likelihood of vindictiveness,' which the government would have to rebut." *Id.* at 479 (citation omitted). However, if the charges are brought as a result of the break down in the plea-bargaining process, they are not vindictive. *See id.* (citing *Andrews*, 633 F.2d at 456)(emphasis added).

Under the first prong, the Sixth Circuit held that a defendant must show more than that he chose not to accept a plea bargain and instead asserted his right to trial. *Id.* The court acknowledged that the right to a trial by a jury of one's peers is a highly protected right but held that asserting this right by rejecting a plea bargain is insufficient evidence of an improper motive on the part of the prosecution. *Id.*

As to the second prong, the court indicated that the prosecution's stake in seeking to avoid trial is implicit in the plea-bargaining process, and therefore, cannot be vindictive under *Bordenkircher. Id.* at 480.

9

As to the third prong, the Sixth Circuit held that the mere presence of a superseding indictment bringing additional charges is not sufficient to be presumptively unreasonable. *Id*. Instead, a potentially vindictive superseding indictment must add additional charges or substitute more severe charges <u>based on the same conduct</u> charged less heavily in the first indictment. *Id*. The court stated that the government's choice to hold some charges in abeyance as an inducement during plea bargaining is a permissible form of plea bargaining if the additional charges are supported by probable cause. *Id*.

Using the four-prong test outlined in *Suarez*, "[i]f the defendant is able to demonstrate a reasonable likelihood of vindictiveness, then—and only then—may the court presume an improper vindictive motive." *See* Hall, 2008 WL 163056, at *1 (citing *Bragan v. Poindexter*, 249 F.3d 476, 482 (6th Cir. 2001). If the defendant is able to establish a reasonable likelihood of vindictiveness, the burden shifts to the government to justify the challenged state action. *Id*.

### i. First Prong - Exercise of a protected right

A defendant's assertion of his right to trial alone is not sufficient to trigger a presumption of vindictiveness should the Government bring

additional charges. *See LaDeau*, 734 F.3d at 569 (alteration added) (quoting *Goodwin*, 457 U.S. at 378) ("[I]ncreased charges resulting from the breakdown of the plea bargain process are not deemed vindictive, regardless of the fact that the prosecutor's goal is 'to persuade the defendant to forgo his constitutional right to stand trial.'"). This is true even where the additional charges increase the potential penalty for a defendant who elects to proceed to trial. *See United States v. Sills*, 692 F. Supp. 2d 792, 803 (E.D. Mich. 2010) (alteration added) (citing *Goodwin*, 457 U.S. at 384).

### ii. Second Prong - Prosecutorial stake in the exercise of the protected right

The Sixth Circuit has rejected the avoidance of trial as a prosecutorial stake that could support the presumption of vindictiveness. *Suarez*, 263 F.3d at 480. Because plea bargaining offers a "mutuality of advantage to defendants and prosecutors, and because the prosecution's ability to threaten a reluctant defendant with heightened charges is a necessary feature of a robust plea-bargaining process, increased charges resulting from a breakdown of the plea-bargaining process are not deemed vindictive, regardless of the fact that the prosecutor's goal is to

persuade the defendant to forgo his constitutional right to stand trial."
*LaDeau*, 734 F.3d at 569 (internal quotations and citations omitted).

### iii.   Third Prong - Reasonableness of the prosecutor's conduct

The Sixth Circuit indicated that only a superseding indictment that adds more severe charges "based on the same conduct charged less heavily in the first indictment" could be potentially vindictive. *See United States v. Booher*, 528 F. Supp. 3d 840, 844–49 (E.D. Tenn. 2021) (citing *United States v. Suarez*, 263 F.3d 468, 479) (6th Cir. 2001)). Where the Government adds counts that are based on previously uncharged conduct, that action is not unreasonable in the face of a breakdown in plea negotiations. *Id*. A defendant claiming vindictiveness on these grounds fails to establish the third prong of the presumptive vindictiveness analysis. *Id*. Where the prosecutor offers the defendant the opportunity to replead to the charges in the original indictment, the reasonableness of proceeding with additional charges after failed plea negotiations has been expressly recognized. *See United States v. McCreary-Redd*, 407 F. App'x 861, 868–70 (6th Cir. 2010).

### iv.  Fourth Prong - Intent to punish

The Supreme Court has held there is no such element of punishment or retaliation during the give-and-take of plea bargaining, as long as, the defendant is able to reject or accept the Government's offer. *Bordenkircher*, 434 U.S. at 363. During plea negotiations, just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, the prosecutor may also file additional charges if the initial expectation that the defendant would plead guilty to lesser charges proves unfounded. *Goodwin*, 457 U.S. at 379.

Adding charges after plea negotiations break down, with no objective evidence of vindictiveness, is far short of triggering a presumption of vindictiveness where "*Bordenkircher* holds that actual retaliatory behavior is acceptable … in the plea-bargaining context." *United States v. Andrews*, 633 F.2d 449, 456 (6th Cir.1980); *see also United States v. Abellana*, No. 20-CR-20144, 2024 WL 1858460, at *13 (E.D. Mich. Apr. 29, 2024); and *United States v. Delgado*, No. 1:22-CR-20187-1, 2024 WL 2806464, at *3–4 (E.D. Mich. May 31, 2024)(finding no vindictiveness where the superseding indictment added several firearm charges including 18 U.S.C. § 924(c)).

13

### v.     Rebuttal of presumption

Only if the defendant satisfies all prongs of the *Suarez* test, that there is a reasonable likelihood that the government acted vindictively, is a presumption of vindictiveness created and the government then bears the burden of justifying the challenged action. *Bragan v. Poindexter,* 249 F.3d 476, 481 (6th Cir.2001); *United States v. Andrews*, 633 F.2d 449, 457 (6th Cir. 1980).

 "[O]nly objective, on-the-record explanations can suffice to rebut a finding of realistic likelihood of vindictiveness." *Id.* at 482 (citation omitted). "In determining whether the government has rebutted a presumption of vindictiveness the relevant inquiry is whether there exists objective information in the record to justify the increased sentence or additional charges." *Goodwin*, 457 U.S. at 374.  *See, e.g., United States v. Sease,* No. CR 06-20304-M1/P, 2009 WL 10678777, at *4–6 (W.D. Tenn. Jan. 14, 2009).

14

## IV.   Argument

### a. Hopkins fails to even colorably allege actual vindictiveness

Hopkins' motion to dismiss cites only to preexisting evidence supporting the additional counts and increased penalties in the superseding indictment to suggest the Government was vindictive in seeking the superseding indictment. *See* Def. Motion, ECF No. 65, PageID.459. Hopkins' fails to cite to any objective evidence that the Government acted with the retaliatory animus required to meet the "exceedingly difficult" and "onerous burden" of establishing actual vindictiveness. *Dupree*, 323 F.3d at 489; *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005). This is because all objective evidence in this case would demonstrate that the Government consistently acted in good faith throughout the proceedings: by extending plea offers even after Hopkins filed motions to suppress[3], concurring in defense counsel's requests to adjourn to consult experts[4], not objecting to Hopkins filing the instant motions past the motion deadline[5], re-extending an offer to plead under

---

[3] *See* Joint Stipulation to Continue, ECF No. 50, PageID.350; Joint Motion to Adjourn Trial, ECF No. 52, PageID.373.
[4] *Id*.
[5] *See* Motion for Extension of Time to File Pre-Trial Motions, ECF No. 63, PageID.442.

the original plea agreement to counts in the original indictment even after the superseding indictment was returned, and even extending the time period where Hopkins could consider that offer after he was delayed from meeting with his attorney.[6]

Hopkins motion fails to point to any objective evidence of vindictiveness because no such evidence exists.

### b. Hopkins fails to establish *any* of the *Suarez* prongs to create a presumption of vindictiveness to which the Government would have to respond.

Hopkins entire argument is that his decision to go to trial after rejecting a plea offer prompted the government to punish him by adding charges and increasing the penalties for previously uncharged robberies that the Government was aware of when it obtained the original Indictment.

Assessing Hopkins claim under the four-prong test in *Suarez*, he fails to establish a single prong—let alone all four required—to trigger a presumption of vindictiveness that would compel the Government to justify the additional charges:

---

[6] Correspondence evidencing communications between Government and Defense Counsel is available to establish this point should Hopkins contest it.

16

(1) **Exercise of a protected right** – Hopkins claims that he "exercised his protected right to a jury trial." Def. Motion, ECF No.65, PageID.459. Rejecting a plea agreement and exercising the right to trial is not sufficient to meet the first prong. *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001).

(2) **Prosecution's Stake** – Hopkins claims that "[t]he government has a stake in avoiding a jury trial." Def. Motion, ECF No.65, PageID.459. Avoiding jury trial is a legitimate and implicit feature of the plea-bargaining process and cannot be used satisfy the second prong. *Id.* (citing *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) (finding no vindictiveness in a superseding indictment bringing additional charges, filed after a failure of plea bargaining)).

(3) **Reasonableness of the Prosecutor's Conduct** – Though conceding that adding charges is not vindictive where plea bargaining fails, Hopkins attempts to salvage his claim by arguing that it is unreasonable to bring additional charges with increased penalties when "the government was aware of the other robberies before it filed the original Indictment." Def.

17

Motion, ECF No.65, PageID.459. However, the U.S. Supreme Court explicitly affirmed adding charges following failed plea negotiations where the added penalty was a mandatory life sentence where the prosecutor specifically stated that the added penalty was designed to discourage the defendant from execising his right to trial. *Bordenkircher v. Hayes*, 434 U.S. 357, 366 (1978). And the government's choice to hold some charges in abeyance as an inducement during plea bargaining is a permissible form of plea bargaining if the additional charges later brought are supported by probable cause. *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir. 2001).

(4) **Intent to Punish** – Hopkins motion provides no basis for the claim that the additional charges were sought to "punish Hopkins for demanding a jury trial." Def. Motion, ECF No.65, PageID.459. He claims that by establishing the first three prongs, the court can infer the fourth, intent to punish, is present. *Id.* This claim ignores that *Bordenkircher*, 434 U.S. at 363, specifically held that increasing charges as a result of failed

18

plea negotiations does not contain an element of punishment to establish vindictiveness. *Id.*

### c. Without establishing a presumption of vindictiveness, the burden does not shift to the Government to justify the superseding indictment

Hopkins bears the burden of establishing his claim of vindictiveness; only then does the burden shift to the Government to justify its actions using objective, on-the-record evidence. See *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir.2001); *United States v. Andrews*, 633 F.2d 449, 457 (6th Cir. 1980). Because record evidence clearly establishes that the superseding indictment resulted from failed plea negotiations, the Government would be justified under *Bordenkircher* on that basis alone. *Bordenkircher v. Hayes*, 434 U.S. 357, 366 (1978).

However, Hopkins himself provides objective justification for the superseding indictment in filing his motion to preclude other-acts evidence. ECF No. 64. By superseding and adding additional counts, the Government preserves its ability to admit evidence as to the now-charged conduct. Further, if the Government proceeded to trial on the original indictment, it may have failed to ensure restitution for any victims of uncharged crimes (*See* 18 U.S.C. § 3771(e)(2)(A)), and left disputed the

19

impact of Hopkins' other robberies on the application of sentencing guidelines if he were ultimately convicted (*See* USSG §5K2.21, allowing upward departures for charges dismissed or not pursued as part of a plea agreement).

## Conclusion

The Court should deny Hopkins' motion to dismiss counts from the First Superseding Indictment.

<div style="margin-left:40%;">

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

/s/ Michael Taylor
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9516
michael.taylor3@usdoj.gov

</div>

Dated: May 8, 2025

## Certificate of Service

I hereby certify that on May 8, 2025, I caused the foregoing document to be electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF participants of record.

s/Michael Taylor
Michael Taylor
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3211
(313) 226-9516
michael.taylor3@usdoj.gov